AO 245B (Mod. D/NJ 12/06) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## District of New Jersey

UNITED STATES OF AMERICA

v.                                        Case Number    CR03-852-01(MLC)

ATLANTIC STATES CAST IRON PIPE COMPANY,
a Division of McWane, Inc.
    Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

    The defendant, ATLANTIC STATES CAST IRON PIPE COMPANY, was represented by John O'Reilly, Esq. and Thomas Kelly, Esq.
    On motion of the United States the court has dismissed counts 1-35 of original indictment.
    The defendant was found guilty on counts 1s,3s-5s, and 7s-34s by a jury verdict on April 26, 2006 after a plea of not guilty.
    On motion of defendant the court has dismissed count 2s, on which the jury did not reach a verdict.
    On motion of defendant, the court has dismissed counts 21s and 33s per F.R.Crim.P. 29.
    The defendant has been found not guilty on count 6s and is discharged as to that count.
    Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date of Offense | Count Numbers |
|---|---|---|---|
| 18:371 | CONSPIRACY TO DEFRAUD THE UNITED STATES | October 31, 1995 - August 2003 | 1s |
| 18:1001&2 | FALSE STATEMENTS | February 24, 2000 | 3s |
| 18:1001&2 | FALSE STATEMENTS | February 24, 2000 | 4s |
| 18:1001&2 | FALSE STATEMENTS | March 25, 2000 | 5s |
| 18:1001&2 | FALSE STATEMENTS | May 11, 2000 | 7s |
| 18:1505&2 | OBSTRUCTION OF OSHA | July 1999 | 8s |
| 18:1505&2 | OBSTRUCTION OF OSHA | March 24-25, 2000 | 9s |
| 18:1505&2 | OBSTRUCTION OF OSHA | July 24, 2000 | 10s |
| 18:1519&2 | OBSTRUCTION OF OSHA | December 2002 | 11s |
| 33:1311(a)&1319(c)(2)(A) and 18:2 | VIOLATIONS OF THE CLEAN WATER ACT | December 1998 - February 2000 (except Sept. 1999) | 12s-20s 22s-26s |
| 33:1311(a)&1319(c)(2)(A) and 18:2 | VIOLATION OF THE CLEAN WATER ACT | December 4-5, 1999 | 27s |
| 33:1311(a)&1319(c)(2)(A) and 18:2 | VIOLATIONS OF THE CLEAN WATER ACT | May - Sept., 1999 | 28s-32s |
| 42:7413(c)(1) and 18:2 | VIOLATION OF THE CLEAN AIR ACT | February - August 2003 | 34s |

As pronounced on April 24, 2009, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $12,000 total: $400 on each of counts 1s,3s-5s, and 7s-20s,22s-32s, and 34s, which shall be due immediately. Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the 30 th day of April, 2009.


MARY L. COOPER
United States District Judge

Judgment -- Page 3 of 5

Defendant:      ATLANTIC STATES CAST IRON PIPE COMPANY
Case Number:   CR03-852-01(MLC)

## PROBATION

The defendant is hereby placed on probation for a term of 4 years with monitor to be selected by the court upon recommendation of the parties.

- Monitor will provide to the U.S. Probation Office, twice yearly reports to monitor for reasonable compliance with all regulatory obligations.
- Monitor will be paid by Atlantic States for reasonable and necessary fees and expenses after approval by the court.
- Continuation of monitor to be determined annually by the court.
- If fine is paid before term of probation is complete, defendant may make application to have probation reduced by 1 year.

Special condition of probation:

Each person who serves in the following corporate positions, at any time during the period of probation, shall read the transcripts of the sentencing hearings of the defendants JOHN PRISQUE, SCOTT FAUBERT, JEFF MAURY and CRAIG DAVIDSON. Promptly after reading those transcripts, such person must sign and date an acknowledgment to that effect, which shall be forwarded to U.S. Probation for its file.

The positions covered by this condition are the following, or substantial equivalent:

McWane: Chairman, President, and Executive Vice President for Ductile Iron Pipe.

Atlantic States: All persons serving at and above the level of Plant Manager.

AO 245B (Mod.  D/NJ 12/06) Sheet 4a - Probation

Defendant:      ATLANTIC STATES CAST IRON PIPE COMPANY
Case Number:    CR03-852-01(MLC)

## STANDARD CONDITIONS OF PROBATION

While the defendant is on probation pursuant to this Judgment:

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not illegally possess a controlled substance.

3) If convicted of a felony offense, the defendant shall not possess a firearm or destructive device.

4) The defendant shall not leave the judicial district without the permission of the court or probation officer.

5) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

6) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

7) The defendant shall support his or her dependents and meet other family responsibilities.

8) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

9) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.

11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

13) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

14) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

15) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me.  I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed) _____
                              Defendant                                      Date

_____
U.S. Probation Officer/Designated Witness                  Date

Judgment – Page 5 of 5

Defendant:     ATLANTIC STATES CAST IRON PIPE COMPANY
Case Number:   CR03-852-01(MLC)

**FINE**

The defendant shall pay a total fine of $8,000,000: $500,000 on each of counts 1s,8s-16s,28s-32s and 34s, within the four (4) year probationary period.  There is no set schedule for the payment of the fine.

The court will consider permitting an environmental community project to be funded by defendant as part of its fine obligations at a cost not to exceed 25% of the total fine, provided such project has a factual nexus to the offenses of conviction.

Interest on the fine is waived.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.